UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY WARDROP, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | 1:04-cv-00104-LJM-WTL |
| ) | |
| ELAN MOTORSPORTS TECHNOLOGIES ) | |
| RACING CORP, a/k/a G. FORCE, LLC a/k/a ) | |
| G-FORCE INC., a/k/a G-FORCE ) | |
| TECHNOLOGIES, a/k/a G-FORCE RACING, ) | |
| a/k/a G-FORCE, ) | |
|     Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is now before the Court on defendant's, Elan Motorsports Technologies Racing Corp. ("EMT"), Motion for Summary Judgment on the claims brought against it by plaintiff, Timothy Wardrop ("Wardrop"). EMT contends that summary judgment is appropriate on each of its affirmative defenses to Wardrop's claims for breach of contract and violation of Indiana's wage payment statute, Indiana Code § 22-2-5-1. Wardrop contends that there is a material question of fact on each of his claims because there were two contracts at issue and neither is subject to the defenses raised by EMT.

For the following reasons, the Court **GRANTS in part and DENIES in part** EMT's Motion for Summary Judgment.

### I. BACKGROUND

In mid-1999, Wardrop and EMT entered into an oral agreement whereby Wardrop would work to increase sales of EMT chassis to the Indy Racing League ("IRL"). Wardrop Aff. ¶ 3. At

that time, EMT agreed to compensate Wardrop in the amount of 10% of the gross sales price of EMT (then known as G Force) sales, commencing June 1, 1999, and continuing through Wardrop's employment with EMT. Wardrop Aff. ¶ 5, Compl. ¶ 11. In addition, it was agreed that the term of this oral agreement was from June 1, 1999, through December 31, 1999. **cite**. However, in the event that Wardrop entered into an employment agreement with EMT, the oral agreement would continue throughout Wardrop's employment with EMT. Compl. ¶ 11.

On February 21, 2000, Wardrop and EMT entered into a two-year written agreement, which was retroactive to January 1, 2000. *Id.* ¶ 5. Wardrop was employed by EMT on January 1, 2000. *Id.* ¶ 13. Under the written agreement, EMT was to pay Wardrop an annual salary of at least $300,000.00. *Id.* ¶¶ 8-9; Written Agreement, ¶ 2. There is no reference to the oral agreement between the parties to pay Wardrop commission on sales in the written agreement. *See* Written Agreement; Pl.'s Resp. to Def.'s Interrogatories, Resp. Nos. 6 & 17. However, the first paragraph of the written agreement states, in relevant part:

> 1. EMT will exclusively retain Wardrop for a 24 month period beginning January 1, 2000, to work with G-Force Technologies and its customers to enact the ongoing engineering and development of the G-Force racing chassis, and to diligently contribute toward the goal of making EMT a center of excellence in the motorsports arena. . . .

Written Agreement, ¶ 1.

During negotiation of the agreements EMT and Wardrop never discussed dates upon which payment of monies would be made by EMT to Wardrop. Wardrop Aff. ¶ 20.

On September 1, 2001, EMT ceased, or caused to be ceased, the payment of Wardrop's salary. Compl. ¶¶ 21-22; Pl.'s Resp. to Def.'s Interrogatories, Resp. Nos. 18 & 19. Wardrop, a citizen of England, was paid by EMT through Wardrop's previous employer, Treadway Racing, for

visa reasons. Wardrop Aff. ¶¶ 17-19. Treadway Racing informed Wardrop that EMT had instructed Treadway Racing to withhold salary payments from Wardrop. *Id.* ¶ 22. Wardrop understood this to mean he would not be paid until he negotiated another contract. *Id.* Moreover, Wardrop affirms that he continued performing his duties under the contracts until December 31, 2001. *Id.* ¶ 28.

Wardrop filed the instant suit on or about December 15, 2003, in the Marion County Superior Court. EMT timely removed the action to this Court on or about January 20, 2004.

## II. SUMMARY JUDGMENT STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 111 S.Ct. 1317 (1991). Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III.  DISCUSSION

EMT contends that there is no question of material fact that the oral and written agreements, together, formed a single employment contract between EMT and Wardrop. Therefore, EMT argues, the two-year statute of limitations for oral contracts should apply to Wardrop's breach of contract claim. EMT also avers that Wardrop either knew or should have known in September 2001, that EMT had breached the employment agreement. Because Wardrop filed his suit in December 2003, EMT asserts that Wardrop's breach of contract claim is time barred. In the alternative, EMT argues that the written agreement merged all the terms of the parties' agreement into one contract, therefore, Wardrop's claim for commissions is barred.

In contrast, Wardrop insists that there are two contracts to consider and he did not know that either contract was breached until EMT failed to pay him after the written agreement expired by its terms on December 31, 2001. Moreover, Wardrop contends that the lack of reference to his responsibilities as a sales person in the written agreement evidences the parties intent to have two separate contracts.

The Court finds that there is no question of material fact that the parties intended for both the oral and the written agreements to form the entire employment agreement between them. In other words, the employment agreement between EMT and Wardrop had both written and oral terms. Wardrop does not present facts that dispute that his employment with EMT was covered by the terms of both the oral and the written agreements, he merely argues that the Court should look at each agreement separately to determine the parties' rights. However, such an argument fails to recognize that the question raised by Wardrop's complaint is EMT's behavior with respect to Wardrop's entire employment relationship with EMT. Because Wardrop insists that the terms of his employment with

5

EMT were governed by both the oral agreement and the written agreement, there is no genuine issue of material fact that the "employment agreement" at issue contains both oral and written provisions. "[A]n agreement containing both oral and written terms is considered an oral contract." *Majd Pour v. Basic Am. Med., Inc.*, 555 N.E.2d 155, 158 (Ind. Ct. App. 1990) (citing *Citizens Progress Co. v. James O. Held & Co.*, 438 N.E.2d 1016 (Ind. Ct. App. 1982)). As such, the "employment agreement" in this case is an oral contract and the statute of limitations found at Indiana Code § 34-11-2-1 applies.

Even if a two-year statute of limitations applies, Wardrop contends that there is a material issue of fact on when he knew or should have known that EMT breached the employment agreement. Wardrop affirms that he continued performing his duties under the employment agreement throughout the end of 2001, and it was not until after the term of the employment agreement expired and EMT still did not pay either his commission or the salary it had withheld, that Wardrop realized EMT had breached the contract. *See* Wardrop Aff. ¶¶ 22-31. Wardrop contends that EMT's agent, Treadway Racing, informed him that EMT was withholding his salary until Wardrop agreed to another employment contract. *Id.* ¶ 22-23.

There is no dispute between the parties that the standard for when the statute of limitations should run in this case is when Wardrop knew or should have discovered the breach by EMT. *See Meisenhelder v. Zipp Express, Inc.*, 788 N.E.2d 924, 929-30 (Ind. Ct. App. 2003). The Court finds that Wardrop has established a genuine issue of material fact on this question. Neither the oral agreement nor the written agreement contained any provisions about the dates upon which money

would be paid to Wardrop.[1]  Because of this fact, Wardrop's affirmation that he considered the notice to him in September 2001, that EMT had told Treadway Racing to "withhold" his salary until EMT and Wardrop could negotiate a new contract, merely a negotiating tactic may have credibility. In other words, the failure of the agreements to specify the timing of any payments to Wardrop, the way in which Wardrop was informed about EMT's decision to not pay him his salary in "installments" as it had previously done through Treadway Racing, and Wardrop's own testimony that he believed anything "withheld" would be paid to him when the contract term expired, creates an issue of fact on whether or not Wardrop's breach of contract claim is time barred.

In summary, the Court has found that the employment agreement between EMT and Wardrop has both oral and written components, therefore, the entire agreement falls under the two-year statute of limitations for oral employment agreements.  However, there is a material issue of fact on whether or not Wardrop knew or with reasonable diligence should have known that EMT breached the employment agreement in September 2001.  There is no genuine issue of material fact that the Indiana wage statute, Indiana Code § 22-2-5-1, does not apply in this case.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, defendant's, Elan Motorsports Technologies Racing Corp., Motion for Summary Judgment is **GRANTED in part and DENIED in part**.  Plaintiff's, Timothy

---

[1] EMT concedes this point in its reply brief when it argues that the Indiana wage statute should not apply in this case.  Def.'s Reply Br. at 8-9.  Wardrop concedes this point in his affidavit proffered in support of his opposition brief.  Wardrop Aff. ¶ 21.  The Court agrees that there is no genuine issue of material fact that the Indiana wage statute does not apply in this case because there is no reference in either agreement to when EMT would pay Wardrop.  EMT's motion for summary judgment on Wardrop's claim under the Indiana wage statute should be GRANTED.

Wardrop, claim under the Indiana wage payment statute, Indiana Code § 22-2-5-1, is hereby **DISMISSED with prejudice**.

    IT IS SO ORDERED this 10th day of November, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Jeffrey Martin Bellamy
THRASHER BUSCHMAN GRIFFITH & VOELKEL
bellamy@indiana-attorneys.com

Thomas A. Brodnik
STARK DONINGER & SMITH
tbrodnik@sdsfirm.com

Steven Christopher Earnhart
THRASHER BUSCHMAN GRIFFITH & VOELKEL
earnhart@indiana-attorneys.com