UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REX M. JOSEPH, JR., TRUSTEE OF THE BANKRUPTCY ESTATE OF TIMOTHY WARDROP,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>ELAN MOTORSPORTS TECHNOLOGIES RACING CORP., a/k/a G. FORCE, LLC a/k/a G-FORCE INC., a/k/a G-FORCE TECHNOLOGIES, a/k/a G-FORCE RACING, a/k/a G-FORCE,<br>　　　　Defendant. | 1:04-cv-0104-LJM-DML |

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR ENTER JUDGMENT

This matter is before the Court on defendant's, Elan Motorsports Technologies Racing Corp. ("Elan Corp."), Motion to Dismiss or Enter Judgment. Dkt. No. 176. The procedural posture of this case is set forth in the Court's Order on Motion For Leave to File Amended Complaint ("Motion for Leave to Amend"). Dkt. No. 175. In that Order, the Court found that plaintiff's, Rex M. Joseph, Jr., Trustee of the Bankruptcy Estate of Timothy Wardrop ("Wardrop"), ignorance or misunderstanding about the Elan entity that was liable for the alleged breach of his employment agreement was not a mistake concerning the identity of the proper party. *Hall v. Norfolk S. Ry. Corp.*, 469 F.3d 590, 596 (7th Cir. 2006). The Court also found that Wardrop's proposed amended complaint, which substituted Elan Motorsports Technologies, Inc. ("Elan, Inc.") for Elan Corp., would not relate back to the date of the original Complaint under Federal Rule of Civil Procedure 15(c)(1)(C)(ii). Accordingly, the Court denied as futile Wardrop's Motion for Leave to Amend. Dkt. No. 175.

The pending motion essentially calls upon the Court to determine what, if any, claim Wardrop has left to pursue against Elan Corp. The undisputed record evidence establishes that Elan Corp. was incorporated in the State of Georgia on February 26, 2001. Dkt. No. 162-1 at 6-7. Wardrop's Complaint does not state any theory of liability upon which an entity that was formed in 2001 could be held liable on an employment contract that was entered into in 2000. Compl. & Ex. A. For the foregoing reasons, the Court concludes that there is not a live case or controversy between Wardrop and Elan Corp. and, as a result, the Court no longer has jurisdiction over this case. *Honig v. Doe*, 484 U.S. 305, 317 (1988). Wardrop's Complaint is **DISMISSED WITH PREJUDICE**. Judgment shall enter accordingly.

IT IS SO ORDERED this 21st day of January, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

Debra H. Miller
MILLER & FISHER LLC
miller@millerfisher.com

James R. Fisher
MILLER & FISHER LLC
fisher@millerfisher.com

John J. Moore
DONINGER TUOHY & BAILEY LLP
jmoore@dtblegal.com